USDC SCAN INDEX SHEET

















KAJ   8/6/03   12:58

3:03-CV-00773   OVERSTREET V. UNITED BROTHERHOOD

*31*

*OPPM.*

ORIGINAL

1   Gerald V. Selvo (CA Bar #98854)
    DeCARLO, CONNOR & SELVO
2   A Professional Corporation
    533 South Fremont Avenue, Ninth Floor
3   Los Angeles, California  90071-1706
    Phone: (213) 488-4100
4   Fax:   (213) 488-4180

FILED

03 AUG -6  AM 10: 18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

5   Attorneys for Defendants CARPENTERS LOCAL
    UNION NO. 1506, erroneously named LOCAL 1506
6

7

8               UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11  CORNELE A. OVERSTREET, Regional Director )   CASE NO. 03 CV 0773 J (JFS)
    of Region 28 of the National Labor Relations )
12  Board, for, and on behalf of, the NATIONAL )   OPPOSITION TO PETITIONER'S
    LABOR RELATIONS BOARD,                     )   REQUEST FOR INJUNCTION
13                                             )   PENDING APPEAL
                    Petitioner,                )
14                                             )
              v.                               )
15                                             )
    UNITED BROTHERHOOD OF CARPENTERS )
16  AND JOINERS OF AMERICA, LOCAL 1506,        )
                                               )
17                  Defendants.                )
18  _____)

19

20

21

22

23

24

25

26

27

28

31

1

# TABLE OF CONTENTS

2  TABLE OF AUTHORITIES .................................................. ii

3  I.   THE COURT DOES NOT HAVE JURISDICTION TO
        GRANT THE REQUEST BECAUSE IT WOULD ALTER
4       THE STATUS QUO AND THE STATUS OF THE CASE ON
        APPEAL ........................................................ 1
5
   II.  EVEN IF THE COURT DID POSSESS JURISDICTION TO
6       REVERSE ITSELF AND ISSUE AN INJUNCTION, THE
        STANDARDS FOR DOING SO CANNOT BE MET HERE ..................... 2
7
        A.   SUCCESS ON THE MERITS IS UNLIKELY ....................... 2
8
             1.   The ALJ's Decision Is Unpersuasive .................. 3
9
        B.   PETITIONER HAS NOT DEMONSTRATED
10           IRREPARABLE INJURY ...................................... 4

11      C.   GRANTING AN INJUNCTION WOULD INJURE
             RESPONDENT IRREPARABLY .................................. 5
12
        D.   GRANTING AN INJUNCTION WOULD BE CONTRARY
13           TO THE PUBLIC INTEREST .................................. 5

14
   III. FACTUAL ERRORS ................................................ 6
15
   IV.  PETITIONER HAS IMPROPERLY SUBMITTED NEW MATERIAL
16      AND EFFECTIVELY SOUGHT A NEW INJUNCTION CONTRARY
        TO ITS OWN ARGUMENT THAT IT CANNOT DO SO, AND IS ALSO
17      IMPROPERLY ASKING THE COURT TO RECONSIDER ITS DECISION ........ 6

18 V.   CONCLUSION ................................................... 7

19

20

21

22

23

24

25

26

27

28

CASE NO. '03 CV 0773 J (JFS)

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

*A&M Records, Inc. v. Napster, Inc.,*
    284 F.3d 1091 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4

5

*Accident Fund v Baerwaldt,*
    579 F. Supp. 724 (1984, WD Mich) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6

*Bloedorn v. Francisco Foods, Inc.,*
    276 F.3d 270 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7

8

*Evans v. Buchanan,*
    435 F. Supp. 832 (D.Del. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

9

*Gay Lesbian Bisexual Alliance v Sessions,*
    917 F. Supp. 1558 (1996, MD Ala) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10

*Hilton v. Braunskill,*
    481 U.S. 770, 95 L. Ed. 2d 724, 107 S. Ct. 2113 (1987) . . . . . . . . . . . . . . 2

11

12

*International Association of Machinists & Aerospace*
*Workers v. Eastern Air Lines, Inc.,*
    847 F.2d 1014 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13

14

*McClatchy Newspapers,*
    686 F.2d at 734 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15

*Natural Resources Defense Council, Inc. v. Southwest*
*Marine Inc.,*
    242 F.3d 1163 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

16

17

*Overstreet ex rel. NLRB v Thomas Davis Medical*
*Ctrs., P.C. (1997, DC Ariz),*
    978 F. Supp. 1313 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18

19

*Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,*
    204 F.3d 867 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

20

21

*Rivera-Vega v. Conagra Inc.,*
    70 F.3d 153 (1st Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22

*Seeler v. Trading Port, Inc.,*
    517 F.2d 33 (2d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

23

24

*United Brotherhood of Carpenters & Joiners of America,*
*Carpenters Local Union No. 1506 (Best Interiors),*
    Case 21-CC-3234, 1997 WL 731444 (NLRBGC) . . . . . . . . . . . . . . . . . . . 4

25

26

## FEDERAL STATUTES

27

FRCP Rule 62(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28

ii

1

2

**MISCELLANEOUS**

3   Moore's Federal Practice - Civil § 303.32   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4   *The Authority of a Federal District Court to Proceed After*
    *a Notice of Appeal Has Been Filed,*
5        (Allan Ides) 143 F.R.D. 307 (1992)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **I.    THE COURT DOES NOT HAVE JURISDICTION TO GRANT THE REQUEST**
2  **BECAUSE IT WOULD ALTER THE STATUS QUO AND THE STATUS OF THE**
   **CASE ON APPEAL**

3       The Court denied Petitioner's requested injunction by Order entered May 7, 2003.

4  Petitioner appealed that Order by Notice of Appeal filed June 30, 2003.  On July 24, 2003,

5  twenty four days after filing its appeal, Petitioner filed in this Court its Request for An Injunction

6  Pending Appeal.  The next day, July 25, 2003 it filed a Motion to Amend its Request, as well as

7  a Corrected Request, adding an argument that Petitioner was collaterally estopped from seeking

8  a new 10(j) injunction against Respondent for the same type of conduct.

9       The first obvious issue is whether the District Court has jurisdiction to entertain such a

10  request given that an appeal has already been filed.  Petitioner posits FRCP Rule 62(c) as a

11  jurisdictional basis for its request.  However,

12       This Rule grants the district court no broader power than it has always inherently
         possessed to preserve the status quo during the pendency of an appeal; it "does
13       not restore jurisdiction to the district court to adjudicate anew the merits of the
         case."  *McClatchy Newspapers*, 686 F.2d at 734. Thus, any action taken pursuant
14       to Rule 62(c) "may not materially alter the status of the case on appeal." Allan
         Ides, *The Authority of a Federal District Court to Proceed After a Notice of*
15       *Appeal Has Been Filed*, 143 F.R.D. 307, 322 (1992).

16  *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir.

17  2001).  *See, also, Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880

18  (9th Cir. 2000) ("A district court lacks jurisdiction to modify an injunction once it has been

19  appealed except to maintain the status quo among the parties.");  *A&M Records, Inc. v. Napster,*

20  *Inc.*, 284 F.3d 1091 at 1099 (9th Cir. 2002)(Once the appeal is filed, the district court does not

21  have jurisdiction to act on the merits of the case or alter the status of the appeal.)

22       The notion that once an appeal is filed the lower court loses jurisdiction in the case is

23  thus quite alive and well.  Rule 62(c) is a very limited exception to that rule and it exists solely

24  for the purpose of maintaining the status quo, rather than changing it.  Issuance of the injunction

25  requested by Petitioner would entirely alter the status quo here.  Accordingly, Petitioner's

26  request must be denied because this Court does not possess jurisdiction to grant it.  *See*, 20-303

27  Moore's Federal Practice - Civil § 303.32.

28  / / /

1    While Rule 62(c) made be read on its face to theoretically allow for the granting of an

2    injunction pending an appeal where the court has denied one on the merits, research discloses no

3    case where this has been done in the circumstances presented - the primary issue in the

4    underlying case being the injunction itself.   Petitioner has cited no such case.

5    **II.    EVEN IF THE COURT DID POSSESS JURISDICTION TO REVERSE ITSELF
        AND ISSUE AN INJUNCTION, THE STANDARDS FOR DOING SO CANNOT**
6    **BE MET HERE**

7    Aside from the fact that what Petitioner actually seeks is for the Court to reconsider and

8    reverse its decision, which the Court cannot do under the jurisdictional principles described

9    above, Petitioner cannot meet the standards that would apply even if it were possible to issue an

10   injunction to change the status quo and underlying ruling:

11        The standard that guides trial courts on stay motions was set forth by the Supreme
          Court as follows:  1) whether the applicant has made a strong showing of
12        likelihood of success on the merits; 2) whether the applicant will be irreparably
          injured unless a stay is granted; 3) whether the grant of a stay will substantially
13        injure other interested parties; and 4) where the public interest lies. *Hilton v.*
          *Braunskill*, 481 U.S. 770, 776, 95 L. Ed. 2d 724, 107 S. Ct. 2113 (1987).
14        Although the above criteria must be applied individually to the facts of each case,
          the court's decision must be made in light of all criteria. *Evans v. Buchanan*, 435
15        F. Supp. 832, 842 (D.Del. 1977).

16   *Overstreet ex rel. NLRB v Thomas Davis Medical Ctrs., P.C.* (1997, DC Ariz) 978 F Supp 1313.

17   **A.    SUCCESS ON THE MERITS IS UNLIKELY**

18   Here, Petitioner has not made a strong showing of a likelihood of success on the merits.

19   Quite the contrary given that the agency's own Advice Memoranda reflected for a five year

20   period that the position it has taken in this case is without merit.

21   Petitioner's claim that the ALJ's decision makes it more likely that it will prevail on the

22   merits is invalid.  The language of §10(l) and 10(j) of the Act are identical in terms of the court's

23   obligation - "it shall have jurisdiction to grant . . . such temporary relief or restraining order as it

24   deems just and proper."  Petitioner followed its § 10(l) mandate and presented all its facts and

25   legal arguments to the Court, which quite properly rejected them.  Petitioner effectively asks that

26   the Court *not* make a determination as to whether any relief is "just and proper."  Rather, the GC

27   asks the Court to abdicate its judicial function and "rubber stamp" its requests.

28   / / /

2

CASE NO. '03 CV 0773 J (JFS)

1    Fundamentally, the GC fails to give appropriate weight to First Amendment

2   constitutional issues.  In his view they are irrelevant to the analysis.  As demonstrated by

3   *DeBartolo II*, the GC's approach is erroneous.

4              1.    The ALJ's Decision Is Unpersuasive

5    The fact that an NLRB Administrative Law Judge decided some of the same issues

6   differently from the Court here is not persuasive for many reasons.  (1) the ALJ did not have the

7   benefit of the Court's analysis in reaching her decision.  (2) the Court is an Article III Court and

8   for that reason alone is far better equipped to decide First Amendment non-labor issues than is an

9   NLRB ALJ, who herself has stated that she is simply following NLRB decisions, (implicitly)

10  regardless of what courts of review may say.  ALJ Decision at 47 n.29 and text.  (3) the NLRB

11  definition of picketing followed by the ALJ is clearly defective because it encompasses the very

12  conduct that was found not to be regulated by the Act in *DeBartolo II*, but the ALJ never

13  acknowledges this undeniable fact.  (4) the ALJ failed to conduct any sort of meaningful analysis

14  of *DeBartolo II* as respects labor organization conduct.  In particular, she failed to determine

15  what it was about the conduct in *DeBartolo II* that rendered it not subject to the Act, i.e., the fact

16  that it may well have been protected by the First Amendment and therefore constitutionally

17  beyond the scope of regulation by the Act.  The ALJ's decision is utterly devoid of any

18  recognition of the *Catholic Bishops* doctrine.  The decision does not even mention that doctrine

19  even though it was the raison d'etre of the *DeBartolo II* decision.

20    In the final analysis, the ALJ's decision is simplistic and unpersuasive - she simply

21  applies the clearly overbroad and invalid NLRB definition of picketing to conclude that the

22  bannering was picketing.  From that determination she proceeded to the conclusion that the

23  conduct does not come within the scope of the *DeBartolo II* analysis and therefore must be

24  violative of the Act.  Effectively, she engaged in no analysis of the critical issue in the case -

25  whether the conduct involved raises a substantial issue that it may be protected by the First

26  Amendment.

27    In this context the extremeness of ALJ's analysis is demonstrated by the fact that she

28  found violations respecting the Sycuan and Viejas Casinos and the Invitrogen banners, located

                                    3                      CASE NO. '03 CV 0773 J (JFS)

1 | respectively 550 feet, one-half mile and three miles from the targeted facilities, even though the

2 | GC withdrew his contention that they violated the Act. In the final analysis the ALJ decision

3 | does not establish a prima facie violation of the Act. Rather, it establishes a defective analysis

4 | and a completely unjustified legal conclusion.

5 | None of the cases cited by the GC for the proposition that an ALJ's decision should be

6 | persuasive are remotely similar to the legal issue involved here. *Bloedorn v. Francisco Foods,*

7 | *Inc.*, 276 F.3d 270 (7th Cir. 2001) involved a 10(j) injunction, the primary issue being whether

8 | the company evaded what would otherwise had been its obligation to recognize and bargain with

9 | the union by conducting a discriminatory hiring process. On review the court found ample

10 | evidence that the company's hiring decisions were animated by an intent to avoid a duty to

11 | recognize and bargain with the Union. No First Amendment or novel issues of constitutional

12 | law were involved, only garden variety application of facts to well-settled law.

13 | *Rivera-Vega v. Conagra Inc.*, 70 F.3d 153 (1st Cir. 1995) merely affirmed the lower

14 | court's decision that a 10(j) injunction was warranted, contrary to the situation here where the

15 | lower court denied 10(l) relief. The case involved no more than an information request and the

16 | factual issue of whether two companies were joint employers.

17 | *Seeler v. Trading Port, Inc.*, 517 F.2d 33 (2d Cir. 1975) also involved a 10(j) injunction

18 | where the lower court had issued the GC's requested injunction in part but had refused to compel

19 | the Employer to bargain with the Union. The appellate court reversed the latter but simply

20 | remanded to the lower court to allow the GC to attempt to show clear majority support. Once

21 | again, this case involved no First Amendment or other constitutional issues but simply factual

22 | determinations based upon well-settled law.

23 | **B.    PETITIONER HAS NOT DEMONSTRATED IRREPARABLE INJURY**

24 | As for irreparable injury, Petitioner itself determined that the precise conduct involved

25 | was not unlawful for a period of no less than five years. On March 13, 1997 the NLRB issued its

26 | Division of Advice Memo in *United Brotherhood of Carpenters & Joiners of America,*

27 | *Carpenters Local Union No. 1506 (Best Interiors)*, Case 21-CC-3234, 1997 WL 731444

28 | (NLRBGC). From that date until August 22, 2002, the date that the NLRB's Office of Appeals

1    granted the charging party's appeal of the Region's dismissal of the charge, a dismissal that

2    followed the NLRB's Division of Advice's decision that the charge was not meritorious, the

3    NLRB fully condoned the precise conduct involved in this case.  In fact, some of the conduct in

4    the underlying NLRB charge had been going on for two and a half years at the time of the NLRB

5    hearing in mid-January 2003.  Testimony of Scott Brady at TR468:1-5.  If the conduct truly

6    involved "irreparable injury," none of the company's involved would still be in business.

7    **C.    GRANTING AN INJUNCTION WOULD INJURE RESPONDENT**
     **IRREPARABLY**

8

9    Granting an injunction will substantially injure the Respondent because it will greatly

     interfere with its First Amendment rights.  As set forth at 30 in Respondent's Opposition to the
10
     requested injunction, Petitioner seeks a forbidden "prior restraint" on Respondent's speech.
11
     Petitioner's response is simply that Respondent can deliver its message in a different way.
12
     Petitioner's response does not even recognize that it effectively constitutes censorship.  *See, Gay*
13
     *Lesbian Bisexual Alliance v Sessions,* 917 F. Supp. 1558, 1562 (1996, MD Ala).  Petitioner's
14
     claim that Respondent will not be injured by issuance of an injunction is specious as it is based
15
     upon the premise that Respondent's conduct is unlawful and can be regulated by the NLRA.
16
     Petitioner omits that during the hiatus when the banners were not posted that Respondent sought
17
     judicial relief against further action by Petitioner but was denied it for procedural reasons, i.e.,
18
     that Respondent had to present its defenses in a 10(l) proceeding.  Respondent thereupon
19
     reposted its banners and Petitioner moved for 10(l) relief here, which this Court properly denied.
20
     **D.    GRANTING AN INJUNCTION WOULD BE CONTRARY TO THE**
21        **PUBLIC INTEREST**

22    The public interest lies with preventing government violation of the First Amendment.

23    This is what underlies the prohibition upon prior restraints.  Accordingly, Petitioner cannot meet

24    any of the standards for *stay* of an injunction.  *A fortiori* it cannot meet what should be even

25    more rigorous application of those standards for granting of an injunction where one has

26    previously been denied on the merits.  More than one court has observed that the criteria used in

27    deciding whether to grant a Rule 62(c) injunction pending appeal and a preliminary injunction

28    before trial are much the same.  *Accident Fund v Baerwaldt,* 579 F Supp 724 (1984, WD Mich)

CASE NO. '03 CV 0773 J (JFS)

## III.   **FACTUAL ERRORS**

The administrative record does not contain evidence that Anthony's Fish Grotto ceased doing business with Brady.  Petitioner introduced a letter into the record which set forth that in the future Anthony's might not be able to use Brady again because of the labor dispute.  Besides the letter not establishing that Anthony's had ceased doing business with Brady, who in fact did finish the job, a hearsay objection to the truth of its relevant contents was sustained.

Petitioner's issuance of a new complaint establishes nothing more than that Petitioner continues to adhere to its mistaken view that Respondent's conduct is subject to regulation by the NLRB.  Respondent agrees that Petitioner is foreclosed from seeking injunctive relief on the same facts against this defendant.  Thus, by its own admission, Petitioner's request here cannot be granted.

## IV.   **PETITIONER HAS IMPROPERLY SUBMITTED NEW MATERIAL AND EFFECTIVELY SOUGHT A NEW INJUNCTION CONTRARY TO ITS OWN ARGUMENT THAT IT CANNOT DO SO, AND IS ALSO IMPROPERLY ASKING THE COURT TO RECONSIDER ITS DECISION**

All of the material attached to Petitioner's Request is new and has never before been presented to the Court.  In reality Petitioner is wrongfully attempting to get the Court both to reconsider its earlier decision and to entertain a new injunction request based on entirely new material.  Both of these undertakings are improper.  The new material is not a part of the record and cannot be considered by the Court for that reason alone.  *International Asso. of Machinists & Aerospace Workers v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988).  Additionally assertion of the new material is directly contrary to Petitioner's argument that it cannot seek anew injunctive relief against this Respondent because it is collaterally estopped from doing so. *See* Petitioner's Motion to Amend.

/ / /

/ / /

/ / /

/ / /

/ / /

CASE NO. '03 CV 0773 J (JFS)

1

## V. __CONCLUSION__

2

The Court lacks jurisdiction to entertain the GC's request.  Even if it had jurisdiction the

3  GC's request does not comport with the standards that must be met for issuance of a Rule 62(c)

4  injunction.  The GC's request should be denied.

5  DATE:  August 5, 2003                    DeCARLO, CONNOR & SELVO
                                           A Professional Corporation

6

7

8                                          Gerald V. Selvo
                                           Attorneys for Defendants CARPENTERS LOCAL
9                                          UNION NO. 1506

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                              **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3           I am employed in the County of Los Angeles, State of California.  I am over the age of 18
     and not a party to the within action; my business address is DeCARLO, CONNOR & SELVO, a
4    Professional Corporation, 533 South Fremont Avenue, Ninth Floor, Los Angeles, California
     90071-1706.
5
           On August 5, 2003, I served the foregoing document described as OPPOSITION TO
6    PETITIONER'S REQUEST FOR INJUNCTION PENDING APPEAL on the interested parties
     in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:
7

8    Robert N. MacKay                        Joel C. Schochet
     Michael J. Karlson                      Counsel for the General Counsel
9    REGION 28                               NLRB Region 28-Resident Office
     NATIONAL LABOR RELATIONS BOARD          600 Las Vegas Blvd. South, Suite 400
10   2600 North Central Ave., Suite 1800     Las Vegas, NV 89101-6637
     Phoenix, AZ  85004
11

12   [X]    (BY MAIL)  I caused such envelope with postage thereon fully prepaid to be placed in
13          the United States Mail at Los Angeles, California.

14          Executed on August 5, 2003, at Los Angeles, California.

15   [ ]    (STATE)  I declare under penalty of perjury under the laws of the State of California that
            the above is true and  correct.
16
     [X]    (FEDERAL)  I declare that I am employed in the office of a member of the bar of this
17          Court at whose direction the service was made.

18

19
                                            _Nelly Caywood_
20                                          Nelly Caywood

21

22

23

24

25

26

27

28
                                                          CASE NO. '03 CV 0773 J (JFS)

1

<u>**PROOF OF SERVICE**</u>
**VIA FACSIMILE**

2

3     STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4              I am employed in the County of Los Angeles, State of California.  I am over the age of 18
       and not a party to the within action; my business address is DeCARLO, CONNOR & SELVO, a
5     Professional Corporation, 533 South Fremont Avenue, Ninth Floor, Los Angeles, California
       90071-1706.

6
                On August 5, 2003, I served the foregoing document described as OPPOSITION TO
7     PETITIONER'S REQUEST FOR INJUNCTION PENDING APPEAL in this action.

8     at approximately   _11_ : _30_ .m., via facsimile on:

9

       Robert N. MacKay, Esq.                      Facsimile No.  (619) 557-6358
10    Michael J. Karlson, Esq.                     Facsimile No.  (602) 640-2178
       Joel C. Schochet, Esq.                        Facsimile No.  (702) 388-6248
11    REGION 28
       NATIONAL LABOR RELATIONS BOARD
12

13             Executed this August 5, 2003, at Los Angeles.

14             I declare under penalty of perjury under the laws of the State of California that the above
       is true and correct.
15

16                                          _Nelly Caywood_
                                                  Nelly Caywood
17

18

19

20

21

22

23

24

25

26

27

28

                                                                      CASE NO. '03 CV 0773 J (JFS)